IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THOR CASTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-200-M |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is a *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner THOR CASTILLO challenging the constitutional legality or validity of his state court conviction and sentence.  [ECF 1].  For the following reasons, petitioner's habeas application should be DISMISSED.

I.
STATEMENT OF THE CASE

On February 10, 2016, petitioner was charged by Indictment in Potter County, Texas with the 3rd degree felony offense of assault of a family/household member impeding breathing/ circulation in violation of section 22.01(b)(2)(B) of the Texas Penal Code.  *State v. Castillo*, No. 71,507-E.  [ECF 17-11 at 16].  Specifically, the Indictment alleged petitioner, on or about October 2, 2015:

> [D]id then and there, intentionally, knowingly or recklessly cause bodily injury to NICHOLE COX, a person with whom the [petitioner] had or has had a dating relationship as described by Section 71.0021(b), Family Code, and did

      intentionally, knowingly or recklessly impede the normal breathing or circulation of the blood of NICHOLE COX by blocking the nose or mouth of NICHOLE COX.

[*Id*.].   The Indictment also alleged petitioner had a prior final felony conviction for purposes of enhancing the range of punishment.[1]   [*Id*.].

On August 2-3, 2016, petitioner, represented by appointed counsel, was tried before a jury in the 108th Judicial District Court for the indicted offense.   [ECF 17-7 at 114-207].   On August 3, 2016, the jury found petitioner guilty of the offense of Assault of a Family Member with Impeding of the Breath or Blood as charged in the Indictment.   [ECF 17-8 at 7-70; 17-11 at 48, 98].   On that same date, after petitioner entered a plea of "true" to the enhancement paragraph in the Indictment and the parties presented evidence relative to the question of punishment, the state district court assessed petitioner's sentence at thirty (30) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).   [ECF 17-8 at 50-69].   On August 5, 2016, the trial court judge signed the Judgment memorializing petitioner's conviction and sentence.   [ECF 17-11 at 52-53].

Petitioner, represented by new appointed counsel, filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas challenging the sufficiency of the evidence to support the presence of factors that elevated his assaultive offense to a felony. [ECF 17-12].   On May 1, 2018, the state intermediate appellate court, finding the evidence was sufficient to show petitioner and the victim were in a dating relationship and that petitioner covered the victim's nose and mouth during the assault, affirmed petitioner's conviction.   *Castillo v. State*, No. 07-16-00295-CR.   [ECF 17-3].

Petitioner sought review of the affirmance of his conviction by filing a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (TCCA).   [ECF 17-15].

---

[1] The Indictment alleged that on September 25, 1990 petitioner was finally convicted of the felony offense of Aggravated Sexual Assault of a Child.

On July 25, 2018, the TCCA refused petitioner's PDR *per curiam*. *Castillo v. State*, No. 533-18-PD. [ECF 17-1]. Petitioner did not seek review of that decision by filing a petition for a writ of certiorari with the United States Supreme Court.

On August 1, 2018, petitioner purportedly placed a *pro se* state application for habeas corpus relief collaterally challenging the constitutionality of his conviction in the prison mail system, such application being received and file-stamped on August 7, 2018.[2] *In re Castillo*, WR-26,505-02 [ECF 17-21 at 5-23]. Such filing, however, was premature because the Court of Appeals for the Seventh District of Texas had not yet issued the Mandate in the direct appeal executing that court's decision affirming petitioner's conviction. On September 11, 2018, the state intermediate appellate court issued Mandate certifying its decision and signaling the finality of the appealed judgement of conviction. [ECF 17-21 at 54]. Nonetheless, on September 26, 2018, the TCCA, citing *Ex parte Johnson*, 12 S.W.3d 472 (Tex.Crim.App. 2000), dismissed petitioner's state habeas application for lack of jurisdiction because petitioner's <u>conviction was not final at the time he filed his state habeas petition</u> in the trial court as the state intermediate appellate court had not issued Mandate. [ECF 17-20]. After the TCCA's September 26, 2018 dismissal on jurisdictional grounds, petitioner did not refile his state habeas application challenging his then-final conviction.

Instead, on October 12, 2018, petitioner purportedly placed the instant federal application for habeas corpus relief in the prison mail system, said application being received and file-stamped in this Court on October 18, 2018 and this proceeding opened.[3] [ECF 1]. On March 6, 2019, respondent filed a Preliminary Answer arguing petitioner's federal habeas application should be

---

[2]By his state habeas application, petitioner alleged the same ground he now asserts in the instant federal habeas application.

[3]At the time he submitted his federal habeas application, petitioner was confined in the Scott Unit in Brazoria County, Texas. Petitioner submitted his application to the United States District Court for the Western District of Texas, Austin Division, who subsequently transferred the case to this Court.

dismissed because petitioner's failure to exhaust his state court remedies prohibits this Court from reviewing the application. Specifically, respondent argues the state courts have not had the opportunity to consider the <u>merits</u> of petitioner's state habeas application challenging the constitutionality of his conviction because the TCCA did not have jurisdiction to hear petitioner's first state habeas application due to the lack of a final post-Mandate conviction. [ECF 16]. Petitioner did not file a response in opposition to respondent's Preliminary Answer.

## II.
## PETITIONER'S ALLEGATION

Petitioner appears to argue his custody, pursuant to his state court conviction and sentence, is in violation of the Constitution or laws of the United States for the following reason:

> Petitioner was denied Due Process in his underlying *state* criminal prosecution because the state trial court failed to follow the guidelines set forth in the *federal* Sentencing Reform Act of 1984.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Federal statute provides:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)  there is an absence of available State corrective process; or

    (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)  . . .

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

To exhaust state remedies, a habeas petitioner must *fairly present* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present each constitutional claim he wishes to assert in his federal habeas petition to the highest state court *in a procedurally proper manner*.[4] *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (emphasis added). That is, a petitioner must give the state courts a fair opportunity to review

---

[4] In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (2019). Claims may be presented to that court on collateral review through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (2019), or on direct appeal by a petition for discretionary review.

claims in a procedural context that ensures the state courts review the claims solely on their merits. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). If a petitioner raises a claim in a procedural manner in which the merits of the claim will not be considered, he has not "fairly presented" the claim and has not satisfied the statutory exhaustion doctrine. *Id*.

Here, as noted above, the TCCA did not have jurisdiction to consider petitioner's state habeas application, and thus could not reach the merits of his claim. This is because said application was not filed in a procedurally correct manner, *i.e.*, after petitioner's appealed judgment of conviction became "final" through receipt of the appellate mandate. *See Ex parte Johnson*, 12 S.W.3d at 473. The current online case information for the Texas Judicial Branch[5] confirms petitioner has not re-presented his claims to the state's highest court by a collateral state habeas corpus application, initially filed with the district court of conviction, challenging the constitutionality of his state court conviction. As petitioner has not fairly presented his claim in a procedurally correct manner to the TCCA, the state's highest court has not had an opportunity to review and determine the merits of petitioner's claim. Consequently, petitioner's claim has not been exhausted, and his federal habeas petition is subject to summary dismissal in order that petitioner may present his claim to, and obtain a ruling by, the TCCA. Accordingly, as the record now exists, the instant federal habeas petition must be dismissed for failure to exhaust.[6]

---

[5] http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c

[6] Only after the state court proceedings are concluded and the claims fully exhausted may petitioner present his claims to this Court by way of a federal petition pursuant to 28 U.S.C. § 2254.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Petition for a Writ of Habeas Corpus by a Person in State Custody* [ECF 1] filed by petitioner THOR CASTILLO be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 5, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.   In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.   Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).   **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.   *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."   Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.   A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.   *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857

F.2d 275, 276-77 (5th Cir. 1988).