IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THOR CASTILLO § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | 2:18-CV-200-M-BR | |
| § | | |
| DIRECTOR, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petitioner Thor Castillo's ("Castillo") 28 U.S.C. § 2254 federal habeas petition—the second in this action—filed on March 15, 2021, challenging his state court conviction and sentence. (*See* ECF No. 36.) As explained below, the March 15, 2021 petition should be liberally construed as a motion to amend Castillo's original October 18, 2018 habeas petition. So construed, the motion to amend should be denied as futile because Castillo's proposed second and third claims are time-barred. Further, the Court should deny habeas relief as to Castillo's remaining habeas claim originally presented in the October 18, 2018 petition.

**I.   BACKGROUND**

On February 10, 2016, Castillo was charged by Indictment in Potter County, Texas with the 3rd degree felony offense of assault of a family/household member impeding breathing/circulation in violation of section 22.01(b)(2)(B) of the Texas Penal

Code.  *State v. Castillo*, No. 71-507-E.  (ECF 17-11 at 16.)  Specifically, the Indictment alleged that Castillo, on or about October 2, 2016:

> [D]id then and there, intentionally, knowingly, or recklessly cause bodily injury to NICHOLE COX, a person with whom the [petitioner] had or has had a dating relationship as described by Section 71.0021(b), Family Code, and did intentionally, knowingly or recklessly impede the normal breathing or circulation of the blood of NICHOLE COX by blocking the nose or mouth of NICHOLE COX.

(*Id.*)  The Indictment also alleged Castillo had a prior felony conviction for purposes of enhancing the range of punishment.  (*Id.*)  On August 2-3, 2016, Castillo, represented by appointed counsel, was tried before a jury in the 108th Judicial District Court for the indicted offense.  (ECF 17-7 at 114-207.)  On August 3, 2016, the jury found Castillo guilty as charged in the Indictment.  (ECF 17-8 at 7-70; 17-11 at 48, 98.)  That same date, the state district court sentenced Castillo to thirty years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).  (ECF 17-8 at 50-69.)

Castillo filed a direct appeal with the Court of Appeals for the Seventh District of Texas.  That court affirmed Castillo's conviction on May 1, 2018.  *Castillo v. State*, No. 07-16-00295-CR.  (ECF 17-3.)  Castillo then filed a petition for discretionary (PDR) with the Texas Court of Criminal Appeals (TCCA).  (ECF 17-15.)  The TCCA refused the PDR on July 25, 2018.  *Castillo v. State*, No. 533-18-PD.  (ECF 17-1.)  Castillo did not seek review of that decision by filing a petition for a writ of certiorari with the United States Supreme Court.

On August 1, 2018, Castillo placed a *pro se* application for state habeas relief in the prison mail system; the application was received and file-stamped on August 7, 2018.  *In re Castillo*, WR-26,505-02.  (ECF 17-21 at 5-23.)  But that filing was premature

because the Court of Appeals for the Seventh District of Texas had not yet issued the Mandate executing that court's decision affirming Castillo's conviction. (ECF 17-21 at 54.) Nonetheless, on September 26, 2018, the TCCA, citing *Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000), dismissed Castillo's state habeas application for lack of jurisdiction because Castillo's <u>conviction was not final at the time he filed his state habeas petition</u> in the trial court, as the state intermediate appellate court had not issued a Mandate. (ECF 17-20.) Castillo did not refile his state habeas application.

Instead, on October 12, 2018, Castillo placed an initial federal habeas application in the prison mail system, with said application being filed in this Court on October 18, 2018. (*See* ECF 1.) The October 18, 2018 petition alleged one ground for relief: that Castillo was denied due process in the underlying state criminal prosecution because the state district court failed to follow the guidelines in the federal Sentencing Reform Act of 1984 and also failed to submit certain facts to the jury that were used to increase his sentence above the statutory maximum. (*See* ECF 1 at 6, 10.) The State filed a Preliminary Answer, arguing that Castillo's federal habeas application should be dismissed because Castillo failed to properly exhaust his state court remedies, prohibiting this Court from reviewing the application. (*See generally* ECF 16.)

On March 5, 2020, the undersigned issued initial findings, conclusions and a recommendation (FCR), recommending that the Court dismiss Castillo's petition so that he could "present his claim to, and obtain a ruling by, the TCCA." (ECF 24 at 6.)

On March 23, 2020, Castillo filed a motion asking this Court to stay or hold his federal habeas petition in abeyance "instead of adopting the magistrate judge's recommendation to dismiss." (ECF 28 at 1.) On April 21, 2020, the Court, citing *Rhines*

*v. Weber*, 544 U.S. 269 (2005), stayed and abated these proceedings under the conditions that Castillo: "(1)…file a state habeas corpus application with the state trial court presenting all grounds he wishes to exhaust; and (2) [u]pon the conclusion of his state habeas proceeding…file a pleading in this cause entitled 'Notice of Conclusion of State Habeas Proceedings' informing the Court of the result of the proceedings." (*See* ECF 32 at 1-2.)

On May 25, 2020, Castillo filed a second state habeas application. (*See* ECF 48-6 at 23.) On October 7, 2020, the TCCA denied the application without written order. (*See* ECF 48-2.) Castillo then filed a motion for reconsideration (*See* ECF 48-4), which the TCCA dismissed on February 3, 2021. (*See id.*)

Then, on March 21, 2021, Castillo filed a second federal habeas petition in this Court. (*See* ECF 36.) The Court lifted the stay, withdrew the pending FCR, and ordered the State to provide a supplemental answer and appendix addressing Castillo's second habeas petition and the new claims it presents. (*See* ECF 38-40.) Following a series of extensions, the State filed its supplemental answer and appendix. (ECF 49.) Castillo has not responded to the supplemental answer.[1]

## II.   CASTILLO'S ALLEGATIONS

In his March 15, 2021 habeas petition, Castillo contends that he is being held in violation of the Constitution and the laws of the United States for the following reasons:

1. He was denied due process, equal protection, and an impartial trial when the trial court failed to observe state and federal enhancement sentencing guidelines and when the trial judge inappropriately determined facts bearing on a sentencing enhancement in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000);

---

[1] Castillo did, however, file another response to the State's initial answer. (*See* ECF 50.)

>   2.  He was denied his right to a fair and impartial trial when the State secreted the only eyewitness and denied him his right to cross examine her; withheld evidence from him (both favorable and inculpatory); presented false testimony to create the charges against him; and made prejudicial closing arguments; and
>
>   3.  He was denied a fair trial when his trial attorney failed to: (1) petition for funds to hire an investigator; (2) have a firm grasp of the law or facts of this case; (3) interview witnesses; (4) file necessary motions; (5) obtain the eyewitness; and (6) object to the prosecutor's closing arguments.

(ECF 1 at 6; ECF 36 at 6-7, 17.)

### III.   ANALYSIS

#### A.   Proposed Claims Two and Three

Castillo did not—contrary to Court order—file a pleading entitled "Notice of Conclusion of State Habeas Proceedings." (*See* ECF 32 at 2.) Instead, he filed a subsequent federal habeas petition. Tasked with an obligation to liberally construe the filings of *pro se* litigants like Castillo, the undersigned construes Castillo's March 15, 2021 federal habeas petition as a motion to amend his original petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that a document filed *pro se* is "to be liberally construed") (citation omitted); *see also Anthony v. Director*, *TDCJ-CID* No. 3:19-cv-2725-S-BN, 2021 WL 2517694, at *6 (N.D. Tex. Feb. 8, 2021, *rec. accepted* 2021 WL 2516682 (N.D. Tex. June 18, 2021) (treating second habeas petition as motion to amend the original petition) (citing *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (noting that the filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction) (citing, in turn, *Guidroz v. Lynaugh*, 852 F.2d 832, 835 (5th Cir. 1988); *Lee v. Wiman*, 280 F.2d 257, 264 (5th Cir. 1960)). "By statute, Congress provided that a habeas petition 'may be amended…as provided in the rules of

procedure applicable to civil actions.'" *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (citing 28 U.S.C. § 2242). Federal Rule of Civil Procedure 15(a) allows a party to amend his complaint by leave of court at any time, and such leave shall be freely given when justice so requires. In determining whether to grant a motion for leave to amend, a court considers the following factors: (1) whether the amendment would cause undue delay; (2) whether the non-moving party would experience undue prejudice; (3) whether there was bad faith or a dilatory motive by the movant; (4) whether there were previous failures to cure deficiencies by the movant in prior amendments; and (5) whether amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

Here, Castillo's proposed claims two and three are time-barred, so leave to amend to add them would be futile and can be denied on that basis. *See Sixta v. Quarterman*, Civ. A. No. H-07-0118, 2007 WL 2746951, at *2 (S.D. Tex. Sept. 19, 2007) ("[U]nder Rule 15, this court must grant petitioner's motion to amend unless there is a substantial reason to deny leave to amend. Futility of amendment is one such reason.") (citations and internal quotation marks omitted). Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Castillo's conviction was affirmed on May 1, 2018. *Castillo*, 2018 WL 2031181, at *1. The TCCA refused his PDR on July 25, 2018. *Castillo v. State*, PDR No. 0533-18-PD; (ECF 17-1). And there is no indication that Castillo filed a petition for a writ of certiorari with the United States Supreme Court. Thus, under 28 U.S.C. § 2244(d)(1)(A), Castillo's conviction became final October 23, 2018, when the time expired for filing such a petition with the United States Supreme Court. *See* Sup. Ct. R. 13.1. Barring a properly filed state habeas application, the one-year period for filing a federal habeas petition was on or before October 23, 2019.

Castillo first attempted to file a state habeas application on August 1, 2018. But the TCCA dismissed this application because his conviction was not final. (*See* ECF 17-20). And because the August 1, 2018 petition was dismissed as improperly filed rather than denied, it did not toll the federal habeas limitations period. *See North v. Davis*, 800 F. App'x 211, 213 (5th Cir. 2020) ("True, North's initial state-court petition was filed within the limitations period.

However, it was not '*properly* filed' because it failed to comply with Texas Rule of Appellate Procedure 73.1's word-count requirement.  Thus, it did not toll the statute of limitations.  As the Supreme Court has stated, a § 2254 application is properly filed only 'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings…'") (citing 28 U.S.C. § 2244(d)(2) (emphasis in original); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted)).

And while Castillo's initial federal habeas petition was timely filed on October 18, 2018, it did not include claims two and three, which are, as discussed below, distinct from claim one.  Thus, claims two and three, filed on March 15, 2021, are untimely barring application of the relation back doctrine, as the AEDPA's limitations period required suit to be filed on or before October 23, 2019, and a federal habeas action is not tolled during the pendency of a federal petition.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

"An amendment to a pleading relates back to the date of the original pleading when…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading…" FED. R. CIV. P. 15(c)(1)(B).  In assessing whether new claims relate back to the original pleading for limitations purposes, this Court is "guided by the Supreme Court's decision in *Mayle v. Felix*, in which the Court held that claims raised in an amendment to a habeas petition did not automatically relate back merely because they arose out of the same trial and conviction." *U.S. v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (citing *Mayle*, 545 U.S. at 650). The Court in *Mayle* explained that amendments do not relate back if they assert "a

new ground for relief supported by facts that differ and both time and type from those that the original pleading set forth." *Mayle*, 545 U.S. at 650. And the Fifth Circuit has emphasized that even claims asserting a violation of the same constitutional right presented in the initial complaint may not relate back when they rely upon a distinct factual predicate. *See Gonzalez*, 592 F.3d at 680 ("We agree with the approach adopted by our sister circuits. New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision. Rather, we must look to whether Gonzalez's new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'") (quoting *Mayle*, 545 U.S. at 650).

Applying those standards, originally, Castillo only alleged that he was "denied Due Process in his underlying state criminal prosecution because the state trial court failed to follow the guidelines set forth in the federal Sentencing Reform Act of 1984." (ECF 24 at 4.) But the undersigned agrees with the State that, in his new second claim Castillo asserts that he was denied his right to a fair and impartial trial when the State secreted the only eyewitness and denied him his right to cross-examine her; presented false testimony to create the charges against him; failed to disclose the evidence against him and "for him"; and made prejudicial closing arguments. (*See* ECF. 36 at 6-7, 17.) And in his proposed new third claim, Castillo alleges that he was denied a fair trial when his trial attorney failed to (1) petition for funds to hire an investigator; (2) have a firm grasp of the law or the facts of this case; (3) interview witnesses; (4) file

necessary motions; (5) obtain the eyewitness; and (6) object to the prosecutor's closing arguments. *See id.* at 6-7.

These claims differ in time from those asserted in the original petition. Specifically, they focus on trial or pre-trial-related conduct, while Castillo's original claim centered upon sentencing errors. And they differ in type, too. Originally, Castillo's claim was predicated, in part, on violations of the federal Sentencing Reform Act of 1984. (ECF 1 at 10.) His new claims, though, are predicated upon constitutional violations—namely, his Due Process rights, right to confront witnesses, and right to constitutionally effective counsel. While his original complaint mentioned Due Process, because the facts underlying that initial claim—errors by the state district court judge during sentencing—are distinct from the facts underlying Castillo's Due Process concerns in claims two and three—which stem from prosecutorial misconduct and ineffectiveness of counsel—the new claims do not relate back. *See Gonzalez*, 592 F.3d at 680; (*see also* ECF 36 at 6-76.) So, unless equitable tolling applies, the statute of limitations bars claims two and three; thus, leave to amend to add them would be futile. *See Gonzalez*, 592 F.3d at 681 (concluding that a time-barred amendment that did not relate back to the original claims would have been futile); *Figueredo-Quintero v. McCain*, 766 F. App'x 93, 97 (5th Cir. 2019) (same).

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant

about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis deleted)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653. Nevertheless, "[e]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

Castillo does not show entitlement to equitable tolling. He does not argue that Defendants misled him about the cause of action or in some other fashion prevented him from timely filing claims two and three. And his *pro se* status and unfamiliarity with the legal process is not the kind of extraordinary circumstance warranting equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("Likewise, proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim.") (citing *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Because claims two and three would be time-barred, amendment to add them would be futile. Thus, Castillo's second federal

habeas petition, construed as a motion to amend, should be denied as to claims two and three.

### B. Claim One: Errors Related to Sentencing

In his first claim for relief, Castillo complains that his sentence violates state and federal enhancement sentencing guidelines, as well as the due process and equal protection components of the Constitution, because the judge, rather than a jury, made findings of fact bearing on sentence enhancements. (*See* Doc. 36 at 6.) Initially, the undersigned concludes that a leave-to-amend analysis is not necessary for this claim because it remained pending while Castillo exhausted it pursuant to the *Rhines* stay. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009) ("When implemented, the *Rhines* exception eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in the federal court throughout."). Accordingly, the undersigned proceeds to claim one's merits.

To start, if Castillo is arguing that habeas relief is appropriate because the state court violated federal sentencing guidelines, specifically the Sentencing Reform Act of 1984, the claim lacks merit. "No provision was made for application of the guidelines in state courts." *Hundsdorfer v. Stewart*, No. CV-08-0251-PHX-DGC (JRI), 2009 WL 1783436, at *11 (D. Ariz. June 18, 2009). Further, it has been explicitly held that the guidelines do not apply when the federal court is acting as a territorial court and applying local law. *See Government of Virgin Islands v. Bowling*, 866 F.2d 610, 614 (3d Cir. 1989).

Thus, the Sentencing Reform Act of 1984 is inapplicable to Castillo's sentence and cannot serve as the vehicle for habeas relief.

To the extent that Castillo claims that his sentence violates Texas law, the claim fares no better. Castillo claims that the state trial court failed to observe the "two-pronged test set forth under Texas law" for purposes of sentencing and Rule 404(b) of the Texas Rules of Evidence. (ECF 36 at 6.) However, whether an offense has been properly enhanced is generally a matter of state law. *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982). The Supreme Court has reiterated that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984). Instead, the federal court asks whether the violation renders the trial fundamentally unfair, *Engle v. Isaac*, 456 U.S. 107, 135 (1982), a showing that Castillo does not attempt to make. Thus, any error of Texas sentencing law or evidence does not justify federal habeas relief.

And, at any rate, there was no error of Texas law. The jury found Castillo guilty of assault of a family member by impeding breathe or blood as charged in the indictment, a third-degree felony. (*See* ECF 48-6 at 4); TEX. PENAL CODE ANN. § 22.01(b)(2)(B). Castillo waived his election to have the jury determine his sentence if found guilty and the trial court assessed punishment. (*See* ECF 17-8 at 48.) Section 12.42(d) of the Texas Penal Code provides that a sentence is elevated to the range of punishment of life, or 25 years to 99 years, with two prior convictions in proper sequence. *See* TEX. PENAL CODE ANN. § 12.42(d). There is no time limit on the use of prior offenses under section 12.42(d). *See id*.; *Duhr v.*

*Collins*, 20 F.3d 469 (5th Cir. 1994) (citing *Loud v. State*, 499 S.W.2d 295, 298 (Tex. Crim. App. 1973)). Castillo stipulated to two prior sequential felonies: (1) aggravated sexual assault of a child from 1990, for which he received a sixty-four-year sentence; and (2) burglary from 1984. (ECF 17-8 at 53-54.) The trial court, finding that Castillo committed the two prior sequential felonies, sentenced him to thirty years imprisonment. (ECF 17-8 at 64.) Under state law, then, Castillo's conviction was properly enhanced.

Last, Castillo argues that his punishment was assessed in violation of the Sixth Amendment. (ECF 36 at 6.) The basis for the claim appears to be the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490. Castillo claims that his sentence was enhanced by virtue of facts that were inappropriately determined by a judge and not the jury. (*See* ECF 36 at 6.)

Castillo, however, is mistaken. In assessing punishment, the only fact that the trial judge determined was that Castillo had two prior convictions occurring in the proper sequence. (*See* ECF 17-8 at 64.) *Apprendi*, by its own terms, does not apply to the determination of prior convictions. *See Apprendi*, 530 U.S. at 490. Castillo has not shown a violation of *Apprendi*, and the TCCA's rejection of this claim was certainly not a decision that was contrary to, or involving a reasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254.

In sum, Castillo's first claim for relief is meritless: to the extent premised upon a violation of the federal Sentencing Reform Act of 1984, that act does not apply to Castillo's sentence, which was not federal. To the extent premised upon a violation of Texas sentencing law, the claim likewise fails because federal habeas relief does not issue for violations of state law. And finally, *Apprendi* is inapplicable because the trial judge only determined the fact of prior convictions.

## IV.

## RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States Chief District Judge that Castillo's March 15, 2021 habeas petition should be liberally construed as a motion to amend his original, October 18, 2018 habeas petition. So construed the motion to amend should be **DENIED** as futile. Further, the Court should **DENY** Castillo's remaining habeas claim as meritless.

## V.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 2, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).